## Commonwealth v. Mertz

*Harvey H. Steckel,* for petitioners; *Daniel M. Garrahan,* for respondent.

RENO, P. J., September 26, 1932.—The question certified for our decision by the commission requires a consideration of The Mental Health Act of 1923 (Act of July 11, P. L. 998), particularly sections 303 and 304 thereof, and the amendment to section 304 approved April 27, 1925, P. L. 337.

Section 303 provides that "any person who is mentally ill may be placed . . . in a hospital . . . by order of the court of common pleas . . . upon a sworn or affirmed application by any responsible person addressed to said courts . . . which application shall [be] accompanied by a sworn or affirmed certificate of two qualified physicians." Further provisions require that the "application and certificate shall conform, in all respects, to the forms prescribed by the department [of public welfare], and be executed not more than two weeks before the same are presented to the court." The procedure to be followed by the court after filing the application is not explicitly described. Evidently, the procedure thereafter is within the discretion of the court, which may enter an order of commitment, with or without a hearing, and, in its discretion, without personally summoning the alleged mental patient.

Section 304, in the original act, provided that "whenever an application shall be made to a court of common pleas . . . for an order for the admission . . . the court . . . may, in its . . . discretion, immediately appoint a commission to inquire into and report upon the facts." Clearly, under the act as it stood prior to the amendment of 1925, the court could, when an application was made to it, whatever the form of the prayer, act upon the application by entering an order of admission with or without a hearing, or it could appoint a commission to report upon the facts. In any event, the form of the application was the same. It was to be sworn to or affirmed, was to be made by a responsible person, was to be accompanied by sworn or affirmed certificates of two qualified physicians and was to conform to the forms prescribed by the department. The different methods of commitment prescribed by sections 303 and 304, unamended, were

choices as to the procedure following the filing of the application; choices, as we have seen, available to the discretion of the court. This conclusion follows from the circumstance that the word "application" in section 304 clearly refers to the "application" described in section 303. Section 304, unamended, meant that "whenever an application" in the form described in section 303 "may be made to the court" the court may appoint a commission instead of directly entering an order of admission.

In 1925, section 304 was amended by striking out the words "whenever an application shall" and inserting in lieu thereof "an application may," so that the section, as amended, read "an application may be made to a court of common pleas," etc. It is now contended that, by reason of the amendment, the application need not conform to the requirements of section 303. If this is true, there is nothing in the act prescribing the form of the application to be used under section 304. That is to say, the legislature having with great particularity provided a specific form for applications under section 303, has provided no guide or form whatever for applications under section 304. In the absence of such provision, the application may or may not be sworn to; it may be made by a responsible person or it may be made by a loafer; it may or may not be accompanied by certificates of physicians, and such certificates may or may not be sworn to, and it may or may not conform to forms prescribed by the department.

Such a situation could not have been within the intent of the legislature. The legislature could not have intended that, by the amendment of 1925, the courts should be permitted to entertain applications without regard to their form or content and with no guaranty of verity. It having carefully prescribed the form for such applications in section 303, and having used the expression "an application" in section 304, as amended, we must read the two sections together and hold that the application referred to in section 304 means precisely what it meant before the amendment, namely, an application in the form prescribed by section 303. Therefore, we are holding that since the amendment of 1925, whether the purpose of the application is to secure direct action by the court or the appointment of commissioners, the form of the application must always comply with the requirements of section 303, except that if the application is under section 303 it will pray for an order of admission, and if under section 304 it will pray for the appointment of commissioners. That is, it must be under oath or affirmation; it must be made by a responsible person; it must be accompanied by certificates of two qualified physicians, and it must conform to the form prescribed by the department.

The error here seems to have been caused by the circumstance that the form prescribed by the department for applications under section 304 does not require certificates of two physicians. Assuming that the provision for the use of forms prescribed by the department is a constitutional exercise of the right of the General Assembly to delegate its legislative powers—a question we shall not discuss—it is clear that the department cannot, under that power, prescribe forms which do not comply with specific requirements in the act. The act, as we have seen, requires, inter alia, that an application, whether under section 303 or 304, shall be accompanied by the certificates of two qualified physicians. The department cannot prescribe forms which observe this requirement in one instance and omit it in the other.

Now, September 26, 1932, the objections of defendant filed with the commissioners and by them certified to the court are sustained; the order appointing said commissioners is vacated and the petition is dismissed.

From Edwin L. Kohler, Allentown, Pa.